IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEVIN MENNIEFEE, #1727174,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:15-CV-1288-N-BK |
| | § | |
| **WILLIAMS STEPHENS, Director** | § | |
| **TDCJ-CID,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, the federal petition for writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be dismissed for failure to exhaust state court remedies.

**I. BACKGROUND**

In July 2011, Petitioner pled guilty to attempting to hinder the apprehension or prosecution of a known felon, and was sentenced to 14 months' confinement. *Menniefee v. State*, No. 28736–86 (86th Judicial District Court, Kaufman County, 2011), *appeal dismissed as untimely*, No. 05–13–00778–CR, 2013 WL 3147199 (Tex. App. – Dallas June 21, 2013); Doc. 5 at 2. Petitioner states that, in July 2013, he filed a state application for writ of habeas corpus pursuant to Texas Code of Criminal Procedure article 11.07, which remains pending before the trial court. Doc. 11 at 2. In the instant federal petition, Petitioner alleges a due process violation and ineffective assistance of counsel. Doc. 5 at 6-7.

**II. ANALYSIS**

Petitioner initially filed a *pro se* federal habeas petition challenging his 2010 aggravated

robbery conviction.  *See Menniefee v. Stephens*, No. 3:14-CV-3688-N-BK (N.D. Tex. 2014).  In response to a limitations order, Petitioner asserted for the first time a claim related to his conviction for attempting to hinder the apprehension or prosecution of a known felon and the Court severed the claim and filed it in this action.  Doc. 3.  Petitioner now claims that the Court misconstrued his claim and that the present petition is unexhausted and premature because his state habeas application is still pending in the trial court.  Doc. 11 at 2-3.

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims.  *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Even assuming Petitioner is in custody on his 2011 conviction, he cannot satisfy the exhaustion requirement.[1]  In answer to the Court's questionnaire, Petitioner confirms that his state habeas application is presently pending before the trial court and that it has not been

---

[1] It is unclear whether Petitioner is presently in custody on his 2011 conviction.  His answer to the Court's questionnaire is unclear, Doc. 11 at 1, and the TDCJ's website reflects that he is in custody only with respect to his 2010 aggravated robbery conviction.

forwarded to the court of appeal.  Doc. 11 at 2.  A review of the Texas Court of Criminal Appeals website also reflects no state habeas application challenging his 2011 conviction for attempted hindering the apprehension or prosecution of a known felon.  Therefore, the Court of Criminal Appeals has not had an opportunity to consider Petitioner's claims and they remain unexhausted.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** without prejudice for failure to exhaust state court remedies.  See 28 U.S.C. § 2254(b) and (c).[2]

SIGNED July 13, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is cautioned that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court.  Thus, Petitioner should act diligently and expeditiously if he intends to seek habeas corpus relief in both state and federal court.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE